IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI ANN WHITE : | |
| 255 Lexington Ave. : | |
| Crum Lynne, PA 19022 : | |
|     Plaintiff, : | Civil Action |
|     v. : | |
| : | Jury Trial Demanded |
| WILLOW TERRACE : | |
| 1 Penn Boulevard : | NO.: |
| Philadelphia, PA 19144 : | |
|     and : | |
| RC OPERATOR, LLC : | |
| 1 Penn Boulevard : | |
| Philadelphia, PA 19144 : | |
|     Defendants. : | |

**COMPLAINT**

## I. PRELIMINARY STATEMENT

Plaintiff, Lori Ann White brings this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 0623, et seq. For Age discrimination, and retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law.  Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants 'discriminatory practices, retaliation, and other tortious actions.

1

## II. JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

2. Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

4. At all times material hereto, Willow Terrace and RC Operator, LLC (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

5. At all times material hereto, Defendants, employed more than 15 employees.

6. At all times material hereto, Defendants were an "employer" as defined by the Age Discrimination Act.

7. At all times material hereto, Defendants, were an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

## III. FACTUAL BACKGROUND

8. Plaintiff is over the age of forty (40).

9. At all material times hereto, Plaintiff was employed by Defendants as a nurse.

10. Plaintiff was consistently the oldest nurse when working her shift.

11. Often, Plaintiff and was singled out and targeted by her younger co-workers, being called an "old bitch" after using a younger worker's medical cart, when the younger

worker was late for her shift.

12. As a result of the discrimination of the Plaintiff, Plaintiff lost two (2) months of pay.

13. Defendants' HR representative, Jennifer Moyer wrongfully contacted the State of Pennsylvania PNAP to investigate the Plaintiff.

14. Younger workers were not subjected to the same treatment as the Plaintiff.

15. Any acts or omissions attributed herein to Defendants, were committed or omitted by its principals, directors, officers, managers, and/or employees who were acting in the course and scope of their employment with said Defendants.

16. At all times material hereto, Plaintiff was subject to harassment and discrimination based upon her age, which included a hostile work environment and retaliation.

17. At all times material hereto the harassment, hostile work environment and discrimination to which Plaintiff was subjected was unwelcome, severe and unreasonably altered the condition of her employment.

18. Plaintiff was profoundly upset and affected by the discrimination, harassment and hostile work environment that she was subjected to during the course and scope of her employment.

19. The aforementioned conduct of Defendants was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under The Age Discrimination in Employment Act and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

20. Defendants had a continued need for the work that Plaintiff had been

21. As a direct and proximate result of Defendants' aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

    (a) was discharged from her employment to his great financial detriment

    (b) was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c) suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I
## LORI ANN WHITE V. DEFENDANTS
### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### 29 U.S.C. Section 6521, et seq.

22. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

23. The conduct of and Defendants treatment of Plaintiff in her employment violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 6521, et seq. as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her age.

WHEREFORE, Plaintiff, Lori Ann White, demands judgment against Defendants including:

    (a) A declaration that Defendants 'actions as described herein violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 6521, et seq.;

    (b) Equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent age, sexual,

racial and religious harassment and discrimination in the workplace;

    (c) Equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to religious harassment and discrimination;

    (d) Equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

    (f) Compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

    (g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

    (h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
## LORI ANN WHITE V. DEFENDANTS
## <u>VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.</u>

  24. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

  25. The conduct of and Defendants' treatment of Plaintiff in her employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her age.

  26. Defendants 'employment practices deprived Plaintiff of equal employment

opportunities and otherwise affected her status as an employee because of her sex, race and religion.

27. As a direct and proximate result of Defendants 'actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Lori Ann White demands judgment against Defendants, including:

(a) a declaration that Defendants 'actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant, Defendants, to institute sensitivity and other training for all managers, employees and supervisors to religious harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with

bringing this claim; and

      (g) such other relief as this Court my deem appropriate under the circumstances.

      **Respectfully submitted,**

      **SAFFREN & WEINBERG**

      BY: _____
      MARC A. WEINBERG, ESQUIRE
      815 Greenwood Avenue, Suite 22
      Jenkintown, PA 19046
      (T): (215) 576-0100
      (F): (215) 576-6288
      mweinberg@saffwein.com

**Dated: November 10, 2023**