IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI ANN WHITE<br>　　　　　Plaintiff,<br>　v.<br>WILLOW TERRACE, et al.<br>　　　　　Defendants. | CIVIL ACTION NO.  23-4427 |

MEMORANDUM OPINION

Rufe, J.                                                                                                                                                                                                                    June 18, 2024

      Plaintiff Lori Ann White brings claims against Defendants Willow Terrace and RC Operator LLC (collectively, "Willow Terrace") pursuant to the Age Discrimination in Employment Act[1] ("ADEA") (Count I) and the Pennsylvania Human Relations Act[2] ("PHRA") (Count II), alleging that Willow Terrace harassed her, created a hostile work environment, retaliated against her, and improperly terminated her because of her age. Willow Terrace has moved to dismiss the Complaint. For the reasons set forth below, the motion will be granted.

    I.      BACKGROUND

      The following facts, as alleged in the Complaint, are taken as true for purposes of deciding Willow Terrace's motion to dismiss. White is over the age of forty.[3] She was employed by Willow Terrace as a nurse.[4] She was consistently the oldest nurse when working her shift, and was often singled out and targeted by her younger co-workers.[5] On one occasion, a younger co-worker was late for her shift, and when she discovered that White was using her medical cart, the

---

[1] 29 U.S.C. § 623 *et seq.*

[2] 43 P.S. § 951 *et seq.*

[3] Compl. ¶ 8 [Doc. No. 1].

[4] *Id.* ¶ 9.

[5] *Id.* ¶¶ 10–11.

younger co-worker called White an "old bitch."[6] At some point, the HR representative for Willow Terrace, Jennifer Moyer, wrongfully contacted the Pennsylvania Nurse Peer Assistance Program ("PNAP") to conduct an investigation of White.[7] She lost two months of pay and was ultimately terminated.[8] On November 10, 2023, White filed her Complaint against Willow Terrace. In response, Willow Terrace filed a motion to dismiss the Complaint for failure to state a claim upon which relief may be granted. White filed a response in opposition to the motion, and Willow Terrace filed a reply in further support. The motion is now ripe for disposition.

## II.     LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] A plaintiff's "allegations must be enough to raise a right to relief above the speculative level"; something more than a mere possibility of a claim must be alleged.[11] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[12] Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[13]

---

[6] *Id.* ¶ 11.

[7] *Id.* ¶ 13.

[8] *Id.* ¶¶ 12, 21(a).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *Twombly*, 550 U.S. at 555 (citations omitted).

[12] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

[13] *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. Age Discrimination Claim[14]

In order to plead an age discrimination claim, a plaintiff must sufficiently allege: (1) she is at least 40 years old; (2) she was qualified for the position she occupied; (3) she was subject to an adverse employment action; and (4) circumstances that give rise to an inference of unlawful discrimination, *e.g.*, that she was "ultimately replaced by another employee who was sufficiently younger so as to support an inference of discriminatory motive," or, if not, other "facts that, 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'"[15] PHRA claims are governed by the same analysis as ADEA claims.[16]

Willow Terrace contends that the Complaint is facially deficient with respect to White's claims of age discrimination. The Court agrees. First, Willow Terrace argues that the Complaint fails to plead that White was at least 40 years old during her employment or at the time of her termination, as opposed to when she filed the Complaint.[17] For the first time, White asserts in her response to Willow Terrace's motion that she was 56 years old when she was terminated.[18] She also includes several additional factual details, including that she was employed by Willow Terrace for approximately three years (although elsewhere stating that White worked there for

---

[14] The Court notes at the outset that there are several deficiencies in the Complaint which, although not raised in Willow Terrace's motion to dismiss, would constitute additional grounds for dismissal. The Complaint fails to allege whether White exhausted her administrative remedies as to her ADEA claims or received a right-to-sue letter from the EEOC. *See Remp v. Alcon Laboratories, Inc.*, 701 F. App'x 103, 106 (3d Cir. 2017) (citing *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007)). The Complaint also omits the dates of any of the relevant events, meaning the Court cannot evaluate whether the Complaint was timely filed. *See* 42 U.S.C. § 2000e-5(e)(1).

[15] *Kopko v. Lehigh Valley Health Network*, 776 Fed. App'x 768, 775 (3d Cir. 2019) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013); quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015)).

[16] *Vaughan v. Boeing Co.*, 733 Fed. App'x 617, 622 (3d Cir. 2018); *Willis*, 808 F.3d at 643 (citations omitted).

[17] Defs.' Mem. Supp. Mot. Dismiss at 4 [Doc. No. 6]; *see also* 29 U.S.C. § 631(a).

[18] Pl.'s Mem. Supp. Resp. Opp'n Mot. Dismiss at 2 [Doc. No. 7].

only three months), and that the PNAP investigation arose from an unsubstantiated allegation by an unknown co-worker that prescription medication was missing from a medical cart.[19]

A plaintiff cannot amend her complaint through responsive briefs.[20] The Court relies only upon the well-pleaded factual allegations in the Complaint, taking care not to accept as true mere legal conclusions. As Willow Terrace correctly raises, the Complaint is devoid of the minimum factual allegations required to raise a reasonable inference of liability. White alleges that a younger co-worker made a single derogatory comment to her in connection with her age. She does not allege that the co-worker was a supervisor or had the authority to terminate her or alter the conditions of her employment. Moreover, the sparse factual allegations in the Complaint, even accepted as true, fail to establish a causal connection between, on the one hand, White's age, and on the other hand, Moyer's decision to contact PNAP or White's later termination.[21]

In response, White points to what she characterizes as "at least twenty seven (27) paragraphs in her Complaint enumerating the factual allegations that support her claim."[22] However, while the entire Complaint does consist of 27 paragraphs, nearly all of the "Factual Background" contains mere legal conclusions or generalized statements rather than specific factual allegations. For example, the Complaint asserts that "younger workers were not subjected to the same treatment as the Plaintiff," but it provides no details regarding the treatment White

---

[19] *Id.* at 2, 4.

[20] *Washington v. Client Network Servs.*, No. 11-1331, 2016 WL 1592693, at *6 (E.D. Pa. Apr. 20, 2016) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988)).

[21] In one instance, White's response describes Moyer as "the nursing supervisor," although in the Complaint (and elsewhere in the response) Moyer is identified as Willow Terrace's "HR representative." *Compare* Pl.'s Mem. Supp. Resp. Opp'n Mot. Dismiss at 2, 4 [Doc. No. 7], *with* Compl. ¶ 13 [Doc. No. 1].

[22] Pl.'s Mem. Supp. Resp. Opp'n Mot. Dismiss at 5 [Doc. No. 7].

endured (aside from the single derogatory comment and contact with the PNAP).[23] White does not allege facts explaining how her younger co-workers were treated more favorably, nor does she allege, for example, that Willow Terrace hired a younger individual to replace her.[24]

Finally, White contends that any deficiencies in the Complaint should be excused because she has not yet had the benefit of discovery in this case. The absence of discovery cannot, however, obviate White's obligation to allege facts "sufficient to cross the federal court's threshold" before she is permitted to seek evidence in support of her claims.[25] Accordingly, Willow Terrace's motion is granted with respect to White's age discrimination claim.

### B. Hostile Work Environment Claim

To adequately plead a hostile work environment claim, a plaintiff must allege sufficient facts showing that: (1) "[her] workplace was 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment;'"[26] and (2) the discrimination was "because of" her membership in a protected class.[27] The Supreme Court has noted in the Title VII context that "offhand comments[ ] and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."[28] Although the Complaint states that White was "subject to harassment and discrimination based

---

[23] Compl. ¶ 14 [Doc. No. 1].

[24] *Cf. Bullock v. Children's Hosp.*, 71 F. Supp. 2d 482, 487 (E.D. Pa. 1999).

[25] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation omitted); *see also Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[26] *Culler v. Sec'y of U.S. Veterans Affs.*, 507 F. App'x 246, 249 (3d Cir. 2012) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)).

[27] *Culler*, 507 F. App'x at 249 (citing *Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007)).

[28] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation marks and citation omitted).

upon her age," including "a hostile work environment," it fails to provide specific details in support.[29] An allegation of a single demeaning comment by a younger co-worker, while undoubtedly reprehensible, does not amount to severe or pervasive conduct. Therefore, White's hostile work environment claim also fails.

### C. Retaliation Claim

Retaliation claims under the ADEA and PHRA require a showing that: (1) the plaintiff engaged in a protected activity; (2) there was an adverse employment action either after or contemporaneous with the protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action.[30] In order to demonstrate that she engaged in a "protected activity," the plaintiff must show that she opposed a practice made unlawful by the PHRA, filed a charge of discrimination, or participated in a charge brought by another.[31] The Complaint does not allege that White engaged in a protected activity—*e.g.*, that she ever reported the alleged discrimination to management-level employees or the EEOC—let alone that she suffered from an adverse employment action as a result. Accordingly, the Court will grant Willow Terrace's motion to dismiss with respect to White's retaliation claim.

### D. Sex, Race, and Religious Discrimination Claim

The Complaint contains an isolated allegation, without any supporting factual allegations, that Willow Terrace discriminated against White because of her sex, race, and religion.[32] That

---

[29] Compl. ¶ 16 [Doc. No. 1].

[30] *Johnson v. Phila. Hous. Auth.*, 218 F. Supp. 3d 424, 435–36 (E.D. Pa. 2016) (citing *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015)).

[31] *Moyer v. Kaplan Higher Educ. Corp.*, 413 F. Supp. 2d 522, 526 (E.D. Pa. 2006) (citing 42 U.S.C. § 2000e-3(a); 43 Pa. Stat. Ann.§ 955(d)).

[32] Compl. ¶ 26 [Doc. No. 1].

allegation is inexplicably couched under Count II, in the context of Willow Terrace's alleged violations of the PHRA.[33] In an abundance of caution, the Court holds that any claims of discrimination on the basis of White's sex, race, or religion must fail, given the absence of any such allegations in the Complaint (or any related argument in White's briefings) supporting those theories of liability.

### IV. CONCLUSION

For the reasons stated herein, Defendant Willow Terrace's motion to dismiss will be granted. White will be granted the opportunity to file an amended complaint within 30 days. If she does not file an amended complaint, the matter will be dismissed with prejudice. An appropriate order follows.

---

[33] *Id.*; *see also id.* ¶ 27(b) (seeking, *inter alia*, sensitivity training to combat "religious harassment and discrimination").